UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>v.<br><br>HARRY SEGUNDO SEGURA VALENCIA,<br><br>                              Defendant. | Case No.: 21cr3608-CAB; 24cv1071-CAB<br><br>**ORDER DENYING MOTION TO VACATE PURSUANT TO 28 U.S.C. SECTION 2255**<br>**[DOC. NOS. 135, 137]** |

On May 4, 2023, Defendant Harry Segundo Segura Valencia was convicted of possession of cocaine with intent to distribute on board a vessel and aiding and abetting pursuant to 46 U.S.C. §70503 (also known as the Maritime Drug Law Enforcement Act or "MDLEA") and was sentenced to 96 months in custody. [Doc. No. 112.] On June 18, 2024, Defendant filed a motion for reduction of sentence pursuant to 28 U.S.C. §2255. [Doc. No. 135.] On June 25, 2024, Plaintiff United States of America filed a response. [Doc. No. 139.] For the reasons set forth below, the motion is **DENIED**.

## LEGAL STANDARD

Defendant's motion to vacate his sentence arises under 28 U.S.C. § 2255, which provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that

1

> the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  Thus, "[u]nder 28 U.S.C. § 2255, a federal court may vacate, set aside, or correct a federal prisoner's sentence if the sentence was imposed in violation of the Constitution or laws of the United States." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011).

## DISCUSSION

Before addressing the merits, Defendant's motion fails for several procedural reasons.  First, Defendant expressly waived his right to collaterally attack his conviction and sentence under Section 2255.  On page 12 of his plea agreement, Defendant agreed that he waived all rights to appeal and to collaterally attack every aspect of the conviction and sentence.  [Doc. No. 60.]  The only exception is for ineffective assistant of counsel, which does not apply.  The plea agreement is clear and ambiguous and therefore will be enforced.  *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005)(Courts "will generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face.") In addition, Defendant's motion is time-barred pursuant to 18 U.S.C. §2255(f)(1) because it was filed more than one year after Defendant's judgment of conviction became final. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

In addition to the procedural barriers, Defendant's motion also fails on the merits.  Defendant argues that his sentence should be reduced in the interests of justice because Section 70502(d)(1)(C), which Defendant claims was the basis for jurisdiction in this case, is unconstitutional because it exceeds the bounds of international law. However, that argument fails for several reasons.  First, the basis for jurisdiction in this case was not Section 70502(d)(1)(C), as Defendant argues.  Rather, jurisdiction was based on Section 70502(d)(1)(B) and (D). Under 46 U.S.C. § 70502(d)(1)(C), a vessel is deemed without nationality (and therefore subject to the jurisdiction of the United States), if a

claim of nationality is made and the claimed county "does not affirmatively and unequivocally assert that the vessel is of its nationality." But in this case no claim of nationality was ever made for the vessel by anyone on the vessel. Because no claim was made, the United States properly exercised jurisdiction over Defendant's vessel as a vessel without nationality under 46 U.S.C. § 70502(d)(1)(B) and (D)—not Section 70502(d)(1)(C), which is the section Defendant claims is unconstitutional.

Moreover, even if jurisdiction had been predicated on Section 70502(d)(1)(C), Defendant's arguments regarding the unconstitutionality of that section have been legally foreclosed by *United States v. Marin*, 90 F.4th 1235 (9th Cir. 2024), which, in a precedential opinion issued earlier this year, rejected the identical constitutional challenges Defendant advances in this motion. Thus, even if this case were predicated on Section 70502(d)(1)(C), *Marin* is dispositive.

## CONCLUSION

For the reasons set forth above, Defendant's motion for reduction of sentence is **DENIED**.

**IT IS SO ORDERED**.

Dated:  August 19, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge